NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2173

| | |
|---|---|
| PRIEST JOHNSON, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 14-CV-879 |
| DENISE SYMDON, Administrator of the | |
| Division of Community Corrections, | Nancy Joseph, |
| *Respondent-Appellee*. | *Magistrate Judge*. |

**O R D E R**

Priest Johnson appeals from the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus, in which he challenged several conditions of community supervision that were imposed before his parole was revoked. Because

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C). Furthermore we have revised the caption to name the state officer who has custody of the petitioner. *See* Rule 2(a) of the Rules Governing Habeas Corpus Petitions; *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

Johnson was reincarcerated and is no longer subject to those conditions, we vacate and remand with instructions to dismiss the case as moot.

After serving fifteen years in prison on his state-court conviction for sexual assault of a child, Johnson was released in 2013 on parole, subject to several community-supervision conditions, including limitations on his access to computers and public libraries. He challenged some conditions in state court in two unsuccessful habeas petitions. (The record does not reflect which conditions he challenged.) His appeals were dismissed for failure to prosecute, and he did not seek review by the Wisconsin Supreme Court. After the dismissals, Johnson sought (from the Wisconsin Department of Corrections) administrative review of his challenges to the conditions restricting computer and library use. When his challenges were denied administratively, he did not seek judicial review.

Meanwhile Johnson violated his parole and in 2013 was reincarcerated pursuant to his original 20-year prison term.

Back in prison, Johnson petitioned under § 2254 for a writ of habeas corpus, again challenging the community-supervision conditions on computer and library use, which, he argued, violated his First Amendment rights and his right to access the courts for redress. Johnson conceded that he procedurally defaulted his claims both by failing to complete a round of Wisconsin's appellate process and by failing to seek judicial review of his administrative challenge. He argued that the default was excused because the conditions placed upon him—the restrictions on accessing the Internet or library—prevented him from performing legal research to support his state-court filings and effectively denied him access to the courts.

The magistrate judge, presiding with the parties' consent, denied Johnson's petition because she found that he had failed to show cause for his procedural default. She explained that the right of access to the courts does not require use of "sophisticated tools" like a computer, and even if he could not access a library, he could have filed a brief in the state appellate court reiterating arguments that he already had researched and presented to the state trial court. She noted that Johnson had been reincarcerated by the time he sought administrative review of the community-supervision conditions, and, in any event, the state had said it would reevaluate the conditions upon his re-release. Finally she granted him a certificate of appealability on the question whether his lack of access to a library prevented him from pursuing his appeals.

On appeal Johnson disputes the magistrate judge's conclusions and maintains that his default should be excused. He argues that the magistrate judge underestimated the necessity of access to a library and the Internet to perform competent legal research. And he disagrees with the judge's suggestion that merely reiterating his arguments would have sufficed on appeal; he maintains that he was unfamiliar with the appellate court's filing requirements and that he needed to research substantive law to bolster his case.

The state, for its part, injects the threshold argument that Johnson's reimprisonment in 2013 rendered his case moot because the community-supervision conditions no longer applied to him. Thus, argues the state, the district court should not have adjudicated Johnson's petition on the merits.

Article III of the Constitution limits the jurisdiction of federal courts to live cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When the issue presented is no longer live, or the plaintiff lacks a personal stake in the outcome, a case becomes moot. *Id.*; *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). And this Court must "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (citing *Spencer*, 523 U.S. at 7).

The state is correct that Johnson's contentions are moot. The community-supervision conditions imposed on Johnson in 2013 were no longer in effect when Johnson filed his petition in 2014 from prison. (Although Johnson was re-released on parole in September 2015, he does not contend that state again imposed the same conditions.) The district court should have dismissed the petition because it could not grant any effectual relief.

The judgment is **VACATED** and the case is **REMANDED** to the district court with instructions to dismiss the petition as moot.